Electronically Filed
10/22/2021 12:48 PM
Steven D. Grierson
CLERK OF THE COURT

CASE NO: A-21-843056-C
Department 13

**COMP**
**PETER S. CHRISTIANSEN, ESQ.**
Nevada Bar No. 5254
pete@christiansenlaw.com
**R. TODD TERRY, ESQ.**
Nevada Bar No. 6519
tterry@christiansenlaw.com
**KENDELEE L. WORKS, ESQ.**
Nevada Bar No. 9611
kworks@christiansenlaw.com
**WHITNEY J. BARRETT, ESQ.**
Nevada Bar No. 13662
wbarrett@christiansenlaw.com
**KEELY A. PERDUE, ESQ.**
Nevada Bar No. 13931
keely@christiansenlaw.com
**CHRISTIANSEN TRIAL LAWYERS**
710 South 7th Street, Suite B
Las Vegas, Nevada 89101
Telephone:    (702) 240-7979
Facsimile:    (866) 412-6992
*Attorneys for Plaintiff*

# DISTRICT COURT

# CLARK COUNTY, NEVADA

LISTON M. GOODMAN, an Individual;

Plaintiff,

vs.

PANDA EXPRESS, INC. d/b/a PANDA EXPRESS, a Foreign Corporation; PANDA RESTAURANT GROUP, INC. d/b/a PANDA EXPRESS, A Foreign Corporation; DOE PANDA EXPRESS EMPLOYEES; DOES I through XX, inclusive; and ROE BUSINESS ENTITIES I through XX inclusive,

Defendants.

CASE NO.
DEPT. NO.

**COMPLAINT
AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff LISTON M. GOODMAN, by and through his attorneys, PETER S. CHRISTIANSEN, ESQ., R. TODD TERRY, ESQ., KENDELEE L. WORKS, ESQ.,

WHITNEY J. BARRETT, ESQ. and KEELY A. PERDUE, ESQ. of CHRISTIANSEN TRIAL LAWYERS and for his causes of action against Defendants, and each of them, allege as follows:

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1.  All the events alleged in this Complaint took place in Clark County, Nevada.

2.  That at all times mentioned in, upon information and belief, Plaintiff, LISTON M. GOODMAN was and is a resident of Clark County, Nevada.

3.  That at all times mentioned herein, upon information and belief, Defendant, PANDA EXPRESS, INC. d/b/a PANDA EXPRESS, is a Foreign Corporation authorized to do and doing business in Clark County, Nevada.

4.  That at all times mentioned herein, upon information and belief, Defendant, PANDA RESTAURANT GROUP, INC. d/b/a PANDA EXPRESS, is a Foreign Corporation authorized to do and doing business in Clark County, Nevada.

5.  DOE PANDA EXPRESS EMPLOYEES, DOES I-XX are persons whose conduct gave rise to this Complaint, specifically, those ROE or DOE Defendants who have failed to supervise, control, repair, and maintain the premises, and further failed to warn Plaintiff of hazards, which resulted in Plaintiff's injuries. Upon information and belief, these DOE EMPLOYEES are residents of Clark County, Nevada.

6.  That the true names and capacities, whether individual, corporate, association or otherwise of the Defendant, DOES I through XX and/or ROE BUSINESS ENTITIES I through XX, are unknown to Plaintiff at this time. Plaintiff is informed and believes, and thereupon allege, that each of the Defendant designated herein as DOES and/or ROES is responsible in some manner for the events and happenings herein referred to, and in some manner caused the injuries and damages proximately thereby to the Plaintiff, as herein alleged; that the Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of said Defendants, DOES I through XX and/or ROE BUSINESS ENTITIES I through XX inclusive, when the same have been ascertained by Plaintiff, together with the appropriate charging allegations, and to join such Defendant in this action.

7.  Plaintiff is informed and believes, and based upon such information and belief, allege that each of the Defendants herein designated as DOES and ROES are in some manner, responsible for the occurrences and injuries sustained and alleged herein.

8.  That on or about November 04, 2019, Plaintiff LISTON M. GOODMAN was a patron of PANDA EXPRESS, located at 3318 E. Flamingo Rd., Las Vegas, Nevada 89121 (hereinafter referred to as "Panda").

9.  That on or about November 04, 2019, Plaintiff LISTON M. GOODMAN, while using the public restroom at the subject Panda Express, slipped and fell on a foreign substance on the floor, causing Plaintiff great pain and suffering to his person.

10.  That all the facts and circumstances that give rise to the subject lawsuit occurred in the County of Clark, Nevada.

## FIRST CAUSE OF ACTION
### *Negligence - Premises Liability*

11.  Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

12.  At all times mentioned, the above-named Defendants were the owners, managers, supervisors, maintainers, operators, and controllers of the premises and common areas and/or were otherwise responsible for the condition of the floor of Panda Express located at 3318 E. Flamingo Rd., Las Vegas, Nevada 89121.

13.  That on or about November 04, 2019, Plaintiff asked for and received a code for the restroom door from DOE Employee of Defendant Panda. After using the restroom, Plaintiff washed and dried his hands and was exiting the restroom when he slipped and fell on a foreign substance on the floor. The restroom contained a commode and a urinal and while in the restroom, Plaintiff observed the commode's reservoir/tank was covered with a plastic trash bag. Upon information and belief, Defendant Panda was on notice of a leak. DOE Employee did not warn or otherwise convey this information and should not have given the code to Plaintiff and/or Panda should have closed the restroom to the public.

3

14. That on or about November 04, 2019, Defendants, and each of them, owed a duty to maintain that a clean and safe, hazard-free floor area for the public, including Plaintiff, at the time and location of the incident.

15. The Defendants, and each of them, breached said duty by supplying Plaintiff with the code to the restroom while it was in disrepair and by failing inspect, clean, and maintain a safe, hazard-free floor at the time and location where Plaintiff slipped and fell.

16. That due to these dangerous conditions, Plaintiff sustained damages, which include but are not limited to bodily injuries; medical expenses; and past and future pain and suffering.

17. That Defendants had actual and/or constructive notice of the hazardous or unsafe condition prior to the time the incident occurred. The Defendants knew or should have known that the unsafe condition posed a hazard or fall risk to the patrons/customers/public, including Plaintiff.

18. That as a direct and proximate result, Plaintiff suffered severe injuries and has sustained damages in excess of $15,000.00.

19. As a further direct and proximate result of Defendants' negligence, Plaintiff suffered intense physical and mental pain, disfigurement, shock, and agony, all to his damage recoverable by Plaintiff, in an amount in excess of $15,000.00.

20. As a result of Defendants and each of their conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and as direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

### SECOND CAUSE OF ACTION
*Vicarious Liability/Respondeat Superior*

21. Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

22. Employers, masters, and principals are vicariously liable for the torts committed by their employees, servants, and agents if the tort occurs while the employee, servant or agent was acting in the course and scope of employment.

23. The Defendants were the employers, masters and principals of each other, the remaining Defendants and other employees, agents, independent contractors and/or representatives who negligently failed to maintain a safe and hazard-free floor for the public, including Plaintiff.

24. At all times relevant herein, Defendant and other employees named as DOE Employee Defendants herein, and each of them, were employees and/or agents of one or all of Defendants and were acting within the scope of their employment.

25. Any and all liability of Defendants' employees and/or agents, including but not limited to Defendant, is imputed to Defendant Panda under the doctrine of respondeat superior and/or N.R.S. 41.130, which states:

> Except as otherwise provided in N.R.S. 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible for his conduct, that person or corporation so responsible is liable to the person injured for damages.

26. Accordingly, Defendants, and each of them, are vicariously liable for the damages caused by their employees' actions and negligence, further encompassing the actions of those hired by Defendants to maintain the premises.

27. As a direct and proximate result of the conduct of the Defendants described hereinabove, Plaintiff has sustained damages in excess of $15,000.00.

28. As a result of Defendants and each of their conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and as direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

29. As a proximate result of the aforesaid negligence of Defendants, and each of them, Plaintiff LISTON M. GOODMAN, slipped and fell as a result of said dangerous condition on the

premises of the Defendants, thereby caused Plaintiff to be injured and thereby sustaining the injuries and damages and hereinafter set forth.

### THIRD CAUSE OF ACTION
*Negligent Hiring, Training, Retention, and Supervision*

30. Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

31. Defendants, and each of them, had a duty to properly and adequately hire, train, retain, and supervise personnel under their control so as to avoid unreasonable risk of harm to the general public, invitees, and patrons, including Plaintiff herein.

32. Defendants, and each of them, were responsible for the hiring, training, retaining, supervision, and control of employee(s) including Defendant's Doe Employees, and as a direct and proximate result of aforementioned Defendants' negligence in hiring, training, supervising, and controlling employee(s) and Defendant's Doe Employees, Plaintiff suffered injuries and damages as herein alleged.

33. As a direct and proximate result of the actions of Defendants, and each of their failure to exercise reasonable care in the hiring, training, retention and supervision of employee(s) and Defendant's Doe Employees, Plaintiff suffered the damages and injuries as alleged herein an amount in excess of $15,000.00.

34. As a result of Defendants and each of their conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and as direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

### DEMAND FOR JURY TRIAL

35. Plaintiff hereby demands a trial by jury for all issues do triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that Judgment be entered as set forth below.

1. General damages in an amount in excess of $15,000.00;
2. Special damages for medical expenses;

3. Compensatory damages in an amount in excess of $15,000.00;

4. Damages for lost, past and future household services;

5. Damages for pain, disfigurement, mental anguish, and loss of enjoyment of life;

6. For reasonable attorney's fees, pre-judgment interest and costs of incurred herein; and

7. For such other and further relief as the Court may deem just and proper in the premises.

Dated this 22nd day of October, 2021.



CHRISTIANSEN TRIAL LAWYERS

By _____
PETER S. CHRISTIANSEN, ESQ.
R. TODD TERRY, ESQ.
KENDELEE L. WORKS, ESQ.
WHITNEY J. BARRETT, ESQ.
KEELY A. PERDUE, ESQ.
*Attorneys for Plaintiff*